UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-20564-CIV-MOORE

HEATHER M. FEES, et al.,
    Plaintiffs,

v.

ROBERT ZARCO, ESQUIRE, et al.,
    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

THIS CAUSE came before the Court upon Defendant's Motion For Sanctions[1] for Plaintiffs' Violation of the Court's Order [D.E.78] and to Compel Plaintiffs' Compliance and Discovery [DE # 92] (the "Motion"). Plaintiffs failed to file any response to the Motion and the time for doing so has passed.[2]

I.    The Instant Motion to Compel

On June 28, 2017, the undersigned held a discovery conference in this matter. During the hearing, Defendants argued that Plaintiffs' initial disclosures [DE # 46, filed May 18, 2017] were insufficient and that Plaintiffs refused to provide the documentation identified in the initial disclosures. At the hearing, the undersigned made clear that Plaintiffs have an obligation to provide complete information to support to their claims.

---

[1] The Court previously issued an Order [DE #104] scheduling a hearing on Defendants' various Motions for Sanctions [DE # s 90, 92 and 94] for a hearing on August 28, 2017.

[2] On July 25, 2017, the undersigned issued an Order directing Defendants to file a written motion to compel detailing any alleged failures by Plaintiffs to comply with discovery and the Court's previous June 28, 2017 Order [DE # 78] on or before August 1, 2017. Defendants filed the instant Motion in compliance with the Court's June 28, 2017 Order on August 1, 2017. In the Court's June 28, 2017 Order, the undersigned also ordered Plaintiffs to file any response thereto on or before August 7, 2017. Plaintiffs chose not to file any response to the Motion.

Following the hearing, the undersigned issued an Order Following Discovery Conference [DE # 78] wherein the Court required Plaintiffs to produce: "a computation of all damages identified in paragraph C on page 18 of Plaintiffs' Supplemental Disclosures" and all documents to support said computation to Defendants and "any documents detailing the settlement proceeds received by Plaintiffs in the settlement in the California litigation and the sale of Plaintiffs' businesses to CPI." The undersigned ordered Plaintiffs to produce all of the documents on or before 5:00 PM on July 12, 2017.

Defendants have filed the instant Motion because Plaintiffs have not produced the documents the Court ordered produced in the Order Following Discovery Conference [DE # 78]. Further, Defendants identify 12 sets of pending and outstanding discovery requests propounded by Defendants to which Plaintiffs have not sufficiently responded. (Motion at 10-11). Significantly, Plaintiffs have chosen not to file any response at all to the Motion now before the Court.

II. Plaintiff's Counsel's Repeated Non-Compliance with Federal Rules of Civil Procedure, the Local Rules and Orders of Court

The instant Motion alleges Plaintiffs' repeated failure to comply with Orders of the Court and the Rules of Civil Procedure. A review of the docket reveals that Plaintiffs' current failure to comply with the Court's previous Orders and obligations under the Rules of Civil Procedure is not new. Rather, it appears to be a continuation of a pattern of disregard and non-compliance with the Orders of the Court and with the Federal Rules of Civil Procedure.

Plaintiffs originally filed this lawsuit against Defendants, her former attorneys, on February 13, 2017. Plaintiffs attempted to amend the complaint in April 2017 [*See* DE # 34] without leave of Court or permission from Defendants. Instead, United States District Court

Judge K. Michael Moore required Plaintiff to file a motion for leave to amend. [*See* DE # 43]. Plaintiffs filed a motion for leave to amend the complaint on April 21, 2017 and Judge Moore granted the motion. [*See* DE # 43].

Judge Moore required Plaintiffs to refile the amended complaint on or before May 5, 2017, however. *Plaintiffs failed to timely file the amended complaint*. [*See* DE # 48]. On May 9, 2017, Judge Moore gave Plaintiffs another opportunity to file an amended complaint, warning that "future non-compliance with this Court's orders and with the Local Rules of this District may subject the offending party to sanctions or dismissal." [*See* DE # 48]. Plaintiff's counsel eventually complied with Judge Moore's Order, filing the Amended Complaint on May 11, 2017. [*See* DE # 49]. Defendants filed a motion to dismiss the amended complaint and that motion is pending.

Plaintiffs' failure to timely comply with the Local Rules and the rulings of this Court with respect to the filing of the amended complaint is not an isolated event. On July 25, 2017, Plaintiffs' counsel improperly filed a Notice of Subpoena in the docket in violation of the Local Rules. [*See* DE # 84]. Plaintiffs served the subpoena on the bank where Defendants have their law firm trust account seeking all trust account records for Defendants' law firm. The Subpoena improperly contained the entire trust bank account number in violation of Federal Rule of Civil Procedure 5.2(a) and United States District Court for the Southern District of Florida Local Rule 26.1(b).

The undersigned issued a protective order quashing the subpoena and also directed the Clerk of Court to remove the subpoena from the docket. [*See* DE #s 88 & 89]. Remarkably, on August 1, 2017, Plaintiffs' counsel filed an identical subpoena for a second time. [*See* DE # 91].

The second subpoena once again improperly contained the full account number for Defendants' trust bank account. Defendants' counsel filed an emergency motion [DE # 101] for protective order with the Court asking the Court to strike the subpoena and requesting sanctions. The undersigned was forced to again issue an Order quashing the subpoena and directing the Clerk of Court to remove the subpoena from the docket. [*See* DE # 103]. The undersigned notes that Plaintiffs' counsel appears to be demonstrating a pattern and practice of being indifferent to the Orders of this Court at best or a flagrant disregard of the Court's Orders and the requirements of the Local Rules and Federal Rules of Civil Procedure at worst.

III.     Analysis

Federal Rule of Civil Procedure 37 governs the failure of a party to cooperate in discovery and allows for an award of sanctions for said failure. Rule 37(b) governs failures to comply with a Court Order and Rule 37(c) governs failure to disclose, supplement an earlier response, or to admit. Federal Rule of Civil Procedure 37 empowers the Court to employ a wide range of sanctions for failure of a party to comply with a Court "order to provide or permit discovery."

Federal Rules of Civil Procedure 37(b) and Rule 37(c) provide harsh penalties for failure to comply with Court orders and discovery obligations. Those penalties include: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" "striking pleadings in whole or in part;" and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). "Furthermore, a party may "not [be] allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or

is harmless." Fed. R. Civ. P. 37(c)(1). The Federal Rules of Civil Procedure also allow the Court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure." *Id.*

Plaintiffs have committed a violation of both Rule 37(b) - for failing to comply with the Court's June 28, 2017 Order Following Discovery Conference [DE # 78] - and Rule 37(c) - for failing to provide the documents to support their initial disclosures which was the subject of the June 28, 2017 discovery conference in the first instance and for failure to sufficiently respond to the 12 sets of discovery propounded by Defendants on the various Plaintiffs.

At the June 28, 2017 hearing, Plaintiffs' counsel conceded that he had not provided all documents supporting Plaintiffs' initial disclosures and damages' claims. [*See* DE # 78]. Plaintiffs' counsel was ordered by the undersigned to do so on or before July 12, 2017. [*See* DE # 78]. Defendants were forced to file the instant Motion to compel in an attempt to obtain Plaintiffs' compliance with the Court's June 28, 2017 Order. This Court gave Plaintiffs until August 7, 2017 to respond to the Motion. [*See* DE # 86]. Plaintiffs have chosen to ignore the Court's Order and have made no attempt to justify their non-compliance with the Court's June 28, 2017 Order.

Moreover, Plaintiffs have provided insufficient responses to the discovery requests propounded by Defendants in this case. Defendants propounded the discovery in June 2017. (Motion at 10-11). According to the Motion, Plaintiffs' counsel asked Defendants for an extension of time to respond until July 24, 2017. (Motion at 11). In the Motion, Defendants' counsel writes that "Plaintiffs nevertheless still failed to respond to all pending discovery requests by Monday, July 24, 2017 with exception to serving <u>one</u> set of unsworn Responses to

Defendants' Interrogatories and <u>one</u> set of Responses to Defendants' Requests for Production on July 25, 2017."  (Motion at 11-12).

A review of Plaintiffs' responses to the discovery requests reveals that Plaintiffs' responses are wholly deficient.  First, Plaintiffs' interrogatory responses are unsworn in violation of Federal Rule of Civil Procedure 26(g)(2).  Second, Plaintiffs' interrogatory responses are generically labeled "Plaintiffs' Answer to Defendants' Interrogatories" - and do not identify which Plaintiff or Plaintiffs the response is allegedly filed on behalf of.  Third, Plaintiffs' response to the request production is similarly deficient.  The document is deficiently labeled "Plaintiffs' Response to Defendants' Requests For Production" and again does not  identify which Plaintiff or Plaintiffs the response is allegedly filed on behalf of.  *The Court should not have to be expend time to explain to Plaintiffs' counsel that these generic responses are unacceptable.*

Despite these gross deficiencies, the Court will allow Plaintiffs one last opportunity to comply with their discovery obligations before imposing the drastic sanctions allowed for in Federal Rule of Civil Procedure 37 (as outlined above).[3]  The Court warns Plaintiffs and their counsel, however, that it will not tolerate Plaintiffs' continued disregard of the Orders of this Court and the Federal Rules of Civil Procedure.  Accordingly, it is hereby ORDERED and ADJUDGED that:

---

[3]Again, this statement shall be in no way interpreted to preclude the Court for entering any other sanctions against Plaintiff at the August 28, 2017 hearing if appropriate.

1. Plaintiffs shall produce a computation of all damages identified in paragraph C on page 18 of Plaintiffs' Supplemented Disclosures [DE # 76] and all documents to support said computation to Defendants on or before August 21, 2017.[4]

2. Plaintiffs shall also produce to Defendants any documents detailing the settlement proceeds received by Plaintiffs in the settlement in the California litigation and the sale of Plaintiffs' businesses to CPI on or before August 21, 2017.

3. Each Plaintiff upon whom a Request for Interrogatories was served shall provide *an individualized and sworn response* to said Interrogatories on or before August 21, 2017.

4. Failure of Plaintiffs to strictly comply with the requirements of this Order may result in the recommendation to the assigned district judge that imposition of additional sanctions may be appropriate including, but not limited to, the sanctions identified in Section III of this Order as well as a recommendation that this case be dismissed with prejudice.

5. Plaintiffs' counsel is directed to provide a copy of this Order (along with the Court's previous Order Following Discovery Conference, attached hereto) to individual Plaintiff Heather M. Fees and any and all corporate representatives of the corporate Plaintiffs on or before August 18, 2017.

6. Plaintiffs' counsel shall further file a Certification signed by both Plaintiffs' counsel and Ms. Fees as well as any additional corporate representatives of the corporate Plaintiffs indicating that they have received a copy of this Order from counsel. Said Certification shall be filed with the Court on or before August 21, 2017. Failure of Plaintiffs to timely file said Certification with the Court may result in the imposition of additional sanctions.

DONE AND ORDERED, this 16th day of August 2017, in Miami, Florida.

_____
**BARRY L. GARBER**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The undersigned has selected August 21, 2017 as the deadline for compliance because the parties have scheduled depositions in this case in Portland, Oregon for August 22, 2017.